RECEIVED
MAY - 6 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| PETROLEUM HELICOPTERS, INC. | CIVIL ACTION NO.: 13-0015 |
| VERSUS | JUDGE DOHERTY |
| APICAL INDUSTRIES, INC., et al. | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

The magistrate judge issued a Report and Recommendation in this matter on March 7, 2014 [Doc. 132], recommending the "Renewed Motion to Sever Pursuant to F.R.Civ.P. 21 and to Transfer Pursuant to 28 U.S.C. §1404(a)" [Doc. 106] filed by filed by defendant Roll-Royce Corporation be denied. Specifically, the magistrate judge concluded: (1) the entire matter cannot be transferred to the Southern District of Indiana under either 28 U.S.C. §1404(a) or §1406(a), as venue would not be proper in Indiana for various reasons, set forth in the Report of the magistrate judge; (2) severance of PHI's claims against Rolls-Royce under Rule 21 of the Federal Rules of Civil Procedure is not appropriate for the reasons set forth in the Report; and (3) the United States Supreme Court's recent decision in *Atlantic Marine Constr. Co., Inc. v. United States District Court for the Western District of Texas*, — U.S. ---, 134 S.Ct. 568 (2013) does not mandate an order transferring and/or severing PHI's claims against Rolls-Royce to Indiana, all for the reasons fully set forth and succinctly stated in the magistrate judge's Report and Recommendation.

Rolls-Royce filed Objections to the Report and Recommendation [Doc. 133], and PHI and co-defendant Apical Industries, Inc. filed Responses to the Objections [Docs. 136 & 137, respectively]. Rolls-Royce filed a Reply to the Responses [Doc. 140].

At issue in the pending motion is whether PHI's claims against Rolls-Royce should be severed and transferred to the Southern District of Indiana pursuant to a forum selection clause contained within a limited warranty that accompanied a helicopter engine sold by Rolls-Royce to PHI, which engine allegedly caused a helicopter crash of one of PHI's helicopters on December 1, 2011, that crash being the subject of the instant litigation. The facts of accident, and the case, have been set forth in the magistrate judge's Report and will not be restated herein. Furthermore, the magistrate judge has completed a comprehensive analysis of all legal issues involved in the motion, and this Court has conducted a *de novo* review of all legal issues to which objections have been made. Because of the breadth and scope of the magistrate judge's Report, and because this Court believes the magistrate judge has correctly analyzed the issues, this Court will not prepare a lengthy separate memorandum ruling, but rather, will simply note certain clarifications herein. Thus, for the following reasons, this Court AFFIRMS the findings of the magistrate judge, with the following comments and clarifications.

1. **Standard of Review**

The parties dispute the appropriate standard of review by which this Court should evaluate the magistrate judge's Report and Recommendation, Rolls-Royce arguing this Court should undertake a *de novo* review of the magistrate judge's findings, while PHI argues the magistrate judge's findings should be reviewed under the "clearly erroneous or contrary to law" standard of 28 U.S.C. §636(b)(1)(A) and Fed.R.Civ.P. 72(a). Rolls-Royce is correct. Because this matter was referred to the magistrate judge for report and recommendation, and because objections to that report were filed, the appropriate standard to be employed is that of *de novo* review, according to 28 U.S.C.

§636(b).[1] Accordingly, this Court has undertaken a *de novo* review of every aspect of the magistrate judge's Report to which objection has been made.[2]

### 2. *1-Stop* and *Excentus* are distinguishable and not controlling

The objections and responses filed by the parties since the filing of the Report simply re-hash

---

[1] 28. U.S.C. §636(b) states:

(b)(1) Notwithstanding any provision of law to the contrary--

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial [FN1] relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

[2] This Court notes there is additional support in the jurisprudence for employing *de novo* review of nondispositive matters referred to magistrate judges. For example, in *Delgado v. Bowen*, 782 F.2d 79 (7th Cir. 1986), *cited approving in U.S. v. Ford*, 824 F.2d 1430, 1445 (5th Cir. 1987 (addressing the delegation to magistrate judges of duties other than voir dire under 28 U.S.C. §636), the district court referred a motion for summary judgment to a magistrate, and although the parties did not object to the magistrate's findings, the district judge reviewed the entire record de novo and chose not to follow the magistrate's recommendation. On appeal, the Seventh Circuit held the district judge did not act improperly, and emphasized the legislative history of the Federal Magistrates Act, which permits *de novo* determinations by the district judge at all times. *See also Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 79, 102 S.Ct. 2858, 2875, 73 L.Ed.2d 598 (1982) (Supreme Court notes when judges refer pre-trial motions to a magistrate the judge remains "free to rehear the evidence or to call for additional evidence.").

3

the arguments made to the magistrate judge, and therefore, the magistrate judge has already addressed the arguments set forth by the parties in the newly-filed briefs. This Court points out, however – as did Magistrate Judge Hanna – that the facts of *1-Stop Fin. Serv. Centers of America, LLC v. Astonish Results, LLC*, 2014 WL 279669 (W.D. Tex. Jan. 23, 2014) (J. Sparks) are distinguishable from the facts of the instant case. First, as noted by the magistrate judge, as best this Court can determine, *1-Stop* is the only reported case decided in the Fifth Circuit after *Atlantic Marine* that resulted in severance and transfer. However, *1-Stop* is distinguishable from the facts of the instant case, because unlike in the instant case, in *1-Stop*, the plaintiff had entered into separate agreements with all of the separate entities involved in the litigation, with each agreement containing forum selection clauses specifying that litigation would be conducted in state or federal court in Minnesota. Thus, in *1-Stop*, 1-Stop had an expectation that it would litigate claims in Minnesota, and the court held 1-Stop was bound by those agreements and concluded there was no potential for prejudice. The facts of *Excentus Corp. v. Giant Eagle, Inc.*, 2014 WL 923520 (W.D. Pa. May 10, 2014) (J. Conti) are similar and are, therefore, also distinguishable from the facts of the instant case for the same reason.

On the other hand, in the instant case, only PHI and Rolls-Royce are bound by the limited warranty containing the forum selection clause, and there was no expectation that any of the other parties might litigate claims in Indiana. The magistrate judge has succinctly explained why the *1-Stop* case is distinguishable from the facts of the instant case, and this Court agrees with the magistrate judge on that point and adopts his discussion of the issue.

For the foregoing reasons, and for the additional reasons set forth in the well-reasoned and meticulously cited Report of the magistrate judge, IT IS ORDERED that the "Renewed Motion to

Sever Pursuant to F.R.Civ.P. 21 and to Transfer Pursuant to 28 U.S.C. §1404(a)" [Doc. 106] filed by filed by defendant Roll-Royce Corporation is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___6___ day of May, 2014

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE