UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PETROLEUM HELICOPTERS, INC.          CIVIL ACTION NO. 6:13-cv-00015

VERSUS                                JUDGE DOHERTY

APICAL INDUSTRIES, INC., ET AL.       MAGISTRATE JUDGE HANNA

### RULING

Two related motions are currently pending. The first motion is plaintiff PHI, Inc.'s motion for protective order and to quash subpoenas and notices of fact witness depositions (Rec. Doc. 173); the second pending motion is defendant Apical Industries, Inc.'s motion to compel and for limited extension of the Phase I discovery cutoff date (Rec. Doc. 174). Both motions are opposed. Considering the evidence, the briefs, the arguments of counsel, and the applicable law, and for the reasons explained below, PHI's motion will be denied as moot, and Apical's motion will be granted in part, denied in part, and denied in part as moot.

### FACTUAL BACKGROUND

On December 1, 2011, engine failure forced a helicopter owned and operated by PHI to make an emergency landing in the Gulf of Mexico. During the emergency landing, the pilot inflated skid-mounted floats that were designed to keep the helicopter from sinking. The float system failed, and the helicopter was lost.


Defendant Apical Industries, Inc. allegedly designed, manufactured, and sold the float system. PHI seeks to recover from Apical and others for the loss of the helicopter.

## ANALYSIS

A motion for protective order and a motion to compel are currently before the court. In resolving these motions, the Court is guided by Fed. R. Civ. P. 26, which states that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the factors set forth in the statute. Information within this scope need not be admissible at trial to be discoverable.

A.   **PHI'S MOTION FOR PROTECTIVE ORDER**

In its motion, PHI seeks to quash the depositions of five PHI personnel whose fact depositions were noticed by Apical and scheduled for October 25, 2016. The only reason PHI gave for seeking protection from these depositions was that the depositions were noticed for a date after the discovery deadline had already elapsed. After the motion was filed, however, the trial date was continued and the Phase I discovery cut-off date was extended to March 13, 2017. Accordingly, this Court denies the motion on the basis that it is moot.

B.  **APICAL'S MOTION TO COMPEL**

In its motion, Apical presented two arguments. First, Apical argued that it is entitled to a supplemental Rule 30(b)(6) deposition because PHI failed to properly prepare its corporate representative for the first deposition. Second, Apical argued that PHI should be compelled to respond fully and completely to Request for Production Nos. 11, 12, and 13 of its third set of discovery requests. Apical also requested an extension of the discovery deadline but, as noted above, that deadline has already been extended, rendering this part of Apical's motion moot.

1.  **IS APICAL ENTITLED TO A SUPPLEMENTAL RULE 20(B)(6) DEPOSITION?**

Apical's position is that Tom Yakubovich, PHI's corporate representative, was unprepared for his deposition on August 23, 2016 and could not provide answers based on PHI's knowledge rather than his own knowledge to certain questions, particularly those concerning Apical's warranty on the float device. Apical's suggested remedy is either a supplemental corporate deposition or the fact depositions of five additional PHI employees. PHI counters that Mr. Yakubovich provided sufficient answers at the deposition, but Apical did not like them. PHI also objected to the five additional fact depositions on the basis that the testimony of these five

witnesses would be unreasonably cumulative or duplicative and thus should be precluded under Fed. R. Civ. P. 26(b)(2)(C)(i).

Having reviewed the parties' submissions, this Court is concerned that Mr. Yakubovich may not have been fully apprised of the information possessed by PHI concerning the issues raised during his deposition and may have relied too much upon his own personal knowledge rather than the knowledge of the corporation as a whole. Therefore, this Court is inclined to permit a further exploration of Topics 3 through 7 on the deposition notice, which pertain to warranty practices and the relationship between PHI and Apical, and Topics 9 through 11 and 13, which pertain to a service bulletin and related documents. However, in order to avoid unnecessarily duplicative or cumulative testimony or a fishing expedition, this Court finds that Apical shall be permitted to obtain either additional fact depositions or a supplemental corporate deposition – not both – at its option.

### 2. IS APICAL ENTITLED TO SUPPLEMENTAL RESPONSES TO ITS DISCOVERY REQUESTS?

Apical's motion to compel seeks complete responses from PHI with regard to three requests for production: Request Nos. 11, 12, and 13 of its third set of discovery requests. These requests for production seek documents related to warranty claims made by PHI against Apical during the ten years before the subject incident, products

that PHI returned to Apical within twelve months of purchase during the ten years before the subject incident, and products that PHI returned to Apical within twelve to eighteen months of purchase during the ten years before the subject incident. PHI objected to these requests as overly broad due to the lengthy time period involved. PHI also objected on the basis that the discovery requests information concerning warranty claims on products unrelated to the float system involved in the subject incident. Additionally, PHI objected on the basis that the requests are vague and overly broad because they seek the production of "any and all documents and/or correspondence evidencing and/or related to" any products that were returned to Apical. Finally, PHI objected on the basis that the requests seek irrelevant information.

According to Apical, counsel compromised on a five year time period rather than the original ten year time period, but then PHI failed to supplement its responses. In its briefing, PHI did not address this alleged compromise.

This Court finds that Request Nos. 11, 12, and 13 seek relevant information, that the language contained in the requests is not overly broad or vague, that a five year time period rather than a ten year time period would ameliorate PHI's concerns about the scope of the requested documents (especially in light of the parties' alleged compromise on this issue), and that with this revision to the requests, the information

sought in these requests is proportional to the needs of the case. Although the requests seek information regarding all Apical products purchased by PHI rather than just the specific Apical product that failed in the subject incident, this Court finds the requested information to be relevant with regard to the warranties typically and actually provided by Apical and the historical relationship between the parties with regard to product returns and the enforcement of warranties. Accordingly, PHI will be ordered to respond to the discovery, but only with regard to a five year time period.

## CONCLUSION

As explained above,

IT IS ORDERED that

(1) PHI, Inc.'s motion for protective order and to quash subpoenas and notices of fact witness depositions (Rec. Doc. 173) is DENIED AS MOOT;

(2) Apical Industries, Inc.'s motion to compel and for limited extension of the Phase I discovery cutoff date (Rec. Doc. 174) is GRANTED IN PART and DENIED IN PART AS MOOT, with the motion for extension of the discovery cutoff date denied as moot; the motion to compel granted with regard to Requests for Production 11, 12, and 13 but only with regard to a five year time period preceding the subject incident; and the motion to compel a supplemental corporate deposition

is granted but only if Apical foregoes its planned depositions of five additional fact witnesses.

    Signed at Lafayette, Louisiana, this 9th day of December 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE