UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PETROLEUM HELICOPTERS, INC. | CIVIL ACTION NO. 6:13-cv-00015 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| APICAL INDUSTRIES, INC., ET AL. | BY CONSENT OF THE PARTIES |

**MEMORANDUM RULING**

Currently pending is the motion for partial summary judgment, which was filed by the plaintiff, PHI, Inc. (Rec. Doc. 202). The motion concerns three of defendant Apical Industries, Inc.'s affirmative defenses and the value of the helicopter that was lost in the incident underlying this lawsuit The motion is opposed. Also pending is the related motion for leave to submit a confidential affidavit to the court for *in camera* review, which was filed by the defendants Apical Industries, Inc. and Offshore Helicopter Support Services, Inc. (Rec. Doc. 209). The motion for leave has to do with the defendants' opposition to the plaintiff's motion for partial summary judgment concerning the value of the helicopter. The motion for leave is also opposed. Considering the evidence, the briefs, the arguments of counsel, and the applicable law, and for the reasons explained below, the plaintiff's motion for partial summary judgment is denied, and the defendants' motion for *in camera* review of a confidential affidavit is denied as moot.

## FACTUAL BACKGROUND

On December 1, 2011, engine failure forced a helicopter owned and operated by PHI to make an emergency landing in the Gulf of Mexico. During the emergency landing, the pilot inflated skid-mounted floats that were designed to keep the helicopter from sinking. The float system failed, and the helicopter was lost. Defendant Apical Industries, Inc. allegedly designed, manufactured, and sold the float system. PHI seeks to recover from Apical and others for the loss of the helicopter.

## ANALYSIS

### A. THE APPLICABLE STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

---

[1] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4] All facts and inferences are construed in the light most favorable to the nonmoving party.[5]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[6] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[7]

---

[3] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

[4] *Washburn v. Harvey*, 504 F.3d at 508.

[5] *Brumfield v. Hollins*, 551 F.3d at 326 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).

[6] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. at 325).

[7] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## B. GENUINELY DISPUTED MATERIAL FACTS PRECLUDE SUMMARY JUDGMENT WITH REGARD TO APICAL'S WARRANTY DEFENSES

The first issue presented in PHI's motion is whether Apical should be permitted to maintain its defense that its warranty obligations to PHI with regard to the subject float system are limited in accordance with written warranty documents (Thirteenth Defense), contracts or writings between the companies (Fourteenth Defense), or purchase orders or invoices for the subject float system (Fifteenth Defense). Apical claims that its obligations to PHI are limited in accordance with the terms and provisions of the "Apical Industries Emergency Float Raft System Warranty." (Rec. Doc. 202-7 at 2). In particular, the written warranty document places twelve-month and eighteen-month time limits on Apical's warranty obligations. Since the float system at issue in the lawsuit was purchased by PHI in 2005 and the helicopter was lost in 2011, application of the time limits in the warranty document would preclude PHI's recovery against Apical. The warranty document also contains other provisions limiting the scope of the warranty.

Under Louisiana law, a defendant may rely on the exclusion or limitation of a warranty, including a warranty against redhibitory defects, if the waiver is written in clear and unambiguous terms, set forth in a contract of sale or similar document, and

brought to the attention of the buyer at the time of the sale.[8]  Apical has the burden of establishing the existence of an applicable and valid warranty waiver.[9]  Whether there is an effective waiver of warranty is a question of fact.[10]

PHI argued that the deposition testimony of Tom Yakubovich and Bob DesRosiers established that the warranty document relied upon by Apical was never provided to PHI and its terms and provisions consequently were unknown to PHI.[11]  Apical countered that argument by directing this Court to inconsistent portions of Mr. Yakubovich's and Mr. DesRosiers's deposition testimony and submitting evidence that PHI made warranty claims against Apical and therefore must have been aware of both the existence of the warranty and the terms of the warranty.  Additionally, Apical submitted the affidavit of its vice president and general manager, Gordon Hill, who stated that all sales of Apical emergency floatation systems and individual components of such systems are subject to the terms of the Apical Industries Emergency Float Raft System Warranty.[12]  Based on the competing evidence

---

[8] Louisiana Civil Code Article 2548; see, also, e.g., *Fontenot v. F. Hollier & Sons*, 476 So.2d 1379, 1386 (La. App. 3 Cir. 1985).

[9] *Tucker v. Petroleum Helicopters, Inc.*, 2008-CA-1019 (La. App. 4 Cir. 03/23/09), 9 So.3d 966, 970, *writ denied*, 2009-C-0901 (La. 06/19/09), 10 So.3d 736.

[10] *Tucker v. Petroleum Helicopters, Inc.*, 9 So.3d at 970.

[11] Rec. Doc. 202-8; Rec. Doc. 202-9; Rec. Doc. 202-10.

[12] Rec. Doc. 208-4 at 1-2.

submitted, this Court finds that there is a genuine issue of material fact concerning whether an effective waiver of warranty exists. Therefore, to the extent that PHI's motion seeks partial summary judgment with regard to Apical's thirteenth, fourteenth, and fifteenth affirmative defenses, the motion is denied.

C. **GENUINELY DISPUTED FACTUAL ISSUES PRECLUDE SUMMARY JUDGMENT WITH REGARD TO THE VALUE OF THE HELICOPTER**

This case is scheduled for a jury trial in November 2017. After hearing the testimony presented at the trial, the jury will decide whether PHI should be compensated by Apical for the loss of the helicopter, and if so in what amount. Evidence will likely be presented at trial concerning the value of the helicopter at the time of the crash. In its briefing, PHI explained that it intends to present an expert witness, Sharon Desfor, to testify at trial as to her opinion of the value of the helicopter at the time it was lost. Ms. Desfor was deposed in the companion lawsuit,[13] and she stated that, in her opinion, the helicopter had a value of $2.18 million. PHI argues that Ms. Desfor's opinion should be accepted as undisputed fact because Apical has not engaged the services of an expert to provide a different valuation of the helicopter and because Apical has not offered any facts supporting a different valuation. Apical countered that the helicopter's value is disputed and that it intends

---

[13] This Court declines the opportunity to consider whether the deposition was noticed in this action as well as in the companion suit.

to cross-examine Ms. Desfor at trial regarding the methodology she used to calculate the value of the helicopter and the assumptions that she relied upon when employing that methodology.

An expert's opinion is not a fact; it is merely an opinion. The purpose of expert testimony is to assist the factfinder in understanding the evidence or determining a fact in issue.[14] To accomplish that purpose, an expert's opinion should be relevant[15] and it should be reliable, meaning that the testimony is: (1) based upon sufficient facts or data; (2) the product of reliable principles and methods; and (3) offered by a witness who has applied the principles and methods reliably to the facts of the case.[16] The opposing party has the right to cross examine an expert and to explore the assumptions, facts, and methodology underlying the expert's opinion, and a jury is free to weigh an expert's credibility and to accept or reject an expert's opinion testimony.[17]

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is

---

[14] Fed. R. Evid. 702(a).

[15] See *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993).

[16] Fed. R. Evid. 702.

[17] *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 250 (5th 2002).

a genuine issue for trial."[18] This Court finds that there is a genuinely disputed factual issue concerning the helicopter's value and further finds that the appropriate way to resolve that dispute will be to have Ms. Desfor testify at trial where she can be examined and cross-examined and the jury can decide whether and to what extent her opinions should be credited. Accordingly, to the extent that PHI's motion seeks in its motion for partial summary judgment to have Ms. Desfor's opinion accepted as the value of the helicopter, the motion is denied.

D. **THE DEFENDANTS' MOTION FOR LEAVE TO SUBMIT A CONFIDENTIAL AFFIDAVIT**

Apical and OHS seek permission to submit an affidavit for *in camera* review concerning Ms. Desfor's valuation of the helicopter. In their briefing, they argued that if this Court were to deny PHI's motion with regard to Ms. Desfor's opinion, this motion could be denied as moot. Have already concluded that PHI's motion regarding Ms. Desfor's valuation of the helicopter should be denied, this Court denies the defendants' related motion as moot.

**CONCLUSION**

---

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

For the foregoing reasons, the plaintiff's motion for partial summary judgment (Rec. Doc. 202) is DENIED, and the defendants' motion for leave (Rec. Doc. 209) is DENIED AS MOOT.

Signed at Lafayette, Louisiana, this 15th day of September 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE