UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 6:13-cv-00015 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| APICAL INDUSTRIES, INC., ET AL. | BY CONSENT OF THE PARTIES |

### RULING ON MOTION

Currently pending is the motion for reconsideration (Rec. Doc. 262), which was filed by the defendants, Apical Industries, Inc. and Offshore Helicopter Support Services, Inc., with regard to the court's recent ruling on motions in limine (Rec. Doc. 256). For the following reasons, the motion is DENIED.

#### ANALYSIS

There is no motion to reconsider found anywhere in the Federal Rules of Civil Procedure. Therefore, the Fifth Circuit has instructed that such motions should be considered either as Rule 59(e) motions to alter or amend a judgment or as Rule 60(b) motions for relief from a judgment, depending on the length of time between the issuance of the order and the filing of the motion for reconsideration.

"While the Federal Rules of Civil Procedure do not provide for a motion for reconsideration, such a motion may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or order. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). If

the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *Id*. (internal citations omitted). Because plaintiffs' motion for reconsideration was filed more than ten days after the district court's order dismissing the suit, it is treated as a Rule 60(b) motion." *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). See, also, e.g., *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (holding that a motion to reconsider a summary judgment ruling should be construed as a Rule 59(e) motion if it is served within ten days after the rendition of the judgment, but a Rule 60(b) motion if served after that); *Charles L.M. v. Northeast Indep. School Dist.*, 884 F.2d 869, 869 (5th Cir. 1989) (treating a motion to reconsider a dismissal order served within ten days of the order's issuance as a Rule 59(e) motion).

In this case, the defendants are seeking reconsideration of this Court's ruling on motions in limine, which was issued on October 26, 2017. The motion for reconsideration was filed more than ten days later, on November 9, 2017. Therefore, the motion for reconsideration must be treated as a Rule 60(b) motion.

Rule 60(b) of the Federal Rules of Civil Procedure sets out five bases for relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse

party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Rule 60(b)(6) also allows a court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(6) is granted only when it is not covered by the five enumerated grounds and when "extraordinary circumstances" are present. *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995). "The district court enjoys considerable discretion when determining whether the movant has satisfied any of these Rule 60(b) standards." *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

A motion to reconsider may not be used to relitigate matters, raise arguments, or submit evidence that could have been presented before the judgment or order was entered. See 11 Wright & Miller § 2810.1 at 127-28 (addressing Rule 59(e) motions in particular). "A party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court." *Texaco Exploration & Prod., Inc. v. Smackco, Ltd.*, No. Civ. A. 98-2293, 1999 WL 539548, at *1 (E.D. La. July 26, 1999) (citing *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.*, 904 F.Supp. 644, 669 (N.D. Ohio 1995)). A motion for relief under Rule 60(b) is "not a substitute for the ordinary method of redressing judicial error—appeal." *Chick Kam Choo v. Exxon Corp.*, 699 F.2d 693, 696 (5th Cir. 1983).

In this case, the defendants argued solely that this Court's reasons for ruling as it did were incorrect. More particularly, the defendants argued (1) that evidence regarding "what Apical knew, when they knew it, and what was represented to PHI" is not relevant to the breach of contract claim against OHS, (2) that evidence concerning "actions Apical should have taken" or "the alleged insufficiency of the actions of Apical" are irrelevant to the breach of contract claim against OHS, and (3) that expert evidence concerning industry standards should not be admitted at trial. These are not new arguments, and the defendants have not identified any extraordinary circumstances necessitating that these arguments be relitigated. This Court stands by the reasoning articulated in its earlier ruling, and declines the defendants' invitation to alter that ruling in any way.

Accordingly,

IT IS ORDERED that the defendants' motion for reconsideration (Rec. Doc. 262), when construed as a ruling for relief under Fed. R. Civ. P. 60(b), is DENIED.

Signed at Lafayette, Louisiana on this 9th day of November 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE