UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 6:13-cv-00015 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| APICAL INDUSTRIES, INC., ET AL. | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Currently pending is defendant Apical Industries, Inc.'s conditional motion to alter or amend findings and judgment. (Rec. Doc. 309). The motion is opposed in part. Oral argument was heard on August 23, 2018. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED IN PART AND DENIED IN PART.

### BACKGROUND

On December 1, 2011, a helicopter owned by the plaintiff, PHI Inc., was forced to make an emergency landing in the Gulf of Mexico after its engine failed. The helicopter was equipped with an emergency flotation system, which the pilot deployed before successfully landing the helicopter in the water. The pilot and sole passenger safely exited the helicopter. After a period of time, one of the floats deflated, and the helicopter capsized.

PHI sued the engine manufacturer, Rolls-Royce Corporation; the float manufacturer, Apical Industries, Inc.; and the company that performed maintenance

and repair served on the float system, Offshore Helicopter Support Services, Inc. ("OHS"). The claim against Rolls-Royce was severed and transferred to the Southern District of Indiana, and settled before trial. The claims against Apical and OHS were tried to a jury in this venue. Before trial, this Court ruled that evidence regarding the cause of the engine failure was not admissible at the trial of the remaining claims and that Rolls-Royce was not solidarily liable with the other defendants.

The jury found that the float contained a redhibitory defect and that the redhibitory defect caused PHI's damages. The jury further found that the helicopter was a total loss and awarded damages against Apical for the total market value of the helicopter. The jury exonerated OHS. Following the jury trial, two other issues were tried to the bench, and this Court determined the amount of offset to the jury's verdict for the value of the engine and the amount of attorneys' fees to be recovered by PHI's counsel due to their successful prosecution of the redhibition claim against Apical. The rulings were reduced to judgment.

### THE CONTENTIONS OF THE PARTIES

Apical is dissatisfied with the judgment and now seeks to have the judgment altered or amended in three respects. First, Apical seeks to have this Court alter or amend its pretrial ruling that Rolls-Royce was not liable for the total loss of PHI's

helicopter. Second, Apical seeks to have this Court alter or amend its pretrial ruling that Rolls-Royce is not solidarily liable with Apical for the loss of the helicopter, necessitating a reduction in the damages awarded. Third, Apical requests that the judgment be amended to clarify the rates at which postjudgment interest is to be calculated.

PHI agrees that the judgment should be clarified with regard to postjudgment interest. With regard to the other issues raised by Apical, however, PHI contends that Apical failed to establish any clear error of law or manifest injustice requiring alteration or amendment of this Court's judgment or requiring a new trial on the issue of liability.

## LAW AND ANALYSIS

### A. THE CONDITIONAL NATURE OF THIS MOTION

Apical submitted this motion "conditionally," suggesting that it should be considered only if this Court decided to deny Apical's renewed motion for judgment as a matter of law (Rec. Doc. 307). In a separate ruling, the renewed motion for judgment as a matter of law was denied. Accordingly, this motion must also be resolved.

### B. THE RULE 52(B) STANDARD

Rule 52(b) of the Federal Rules of Civil Procedure permits a court to amend its findings or make additional findings and to amend its judgment in light of any such new or amended findings. Rule 52(b) is applicable to bench trials. Here, part of the case was tried to the jury and part was tried to the bench. In this motion, Apical seeks amendment of certain findings made by the court without the assistance of the jury. Accordingly, it is arguable that Rule 52(b) provides the proper vehicle for Apical's seeking to amend the parts of the judgment that were reached by this Court acting on its own without the jury.

In its opposition brief, PHI did not refer to Rule 52(b) but referenced Rule 59(e) instead. Like Rule 52(b), Rule 59(e) allows the alteration or amendment of a judgment. The parties' reliance on different rules for the standard to be applied in resolving the instant motion is not material because the standards applicable to Rule 59(e) and Rule 52(b) are the same, and both rules permit only the correction of manifest errors by the trial court.[1] However, because the movant couched its arguments in terms of Rule 52(b), this Court will do the same.

Under Rule 52(b), "the court may amend its findings – or make additional findings – and may amend the judgment accordingly." Rule 52(b) exists "to correct

---

[1] *Interstate Fire & Cas. Co. v. Catholic Diocese of El Paso*, 622 Fed. App'x 418, 420 (5th Cir. 2015).

manifest errors of law or fact or, in some limited situations, to present newly discovered evidence."[2] A manifest error is plain and indisputable and amounts to a complete disregard of the controlling law.[3] Consequently, Rule 52(b) should not be used to relitigate old issues, advance new theories, or secure a rehearing on the merits.[4] To prevail on a Rule 52(b) motion, the moving party must show that the court's findings of fact or conclusions of law are not supported by evidence in the record.[5] In deciding such a motion, the trial court's findings are not to be set aside lightly.[6] In fact, whether to grant a Rule 52(b) motion is a matter of the trial court's discretion.[7]

### C. THE CAUSE OF THE ENGINE FAILURE

---

[2] *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986).

[3] *Guy v. Crown Equipment Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

[4] *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986).

[5] See *Fontenot v. Mesa Petroleum Co.*, 791 F.2d at 1219.

[6] *Interstate Fire & Cas. Co. v. Catholic Diocese of El Paso*, 622 Fed. App'x 418, 420 (5th Cir. 2015); *Niagara Fire Ins. Co. v. Everett*, 292 F.2d 100, 103 (5th Cir. 1961).

[7] *Thamathitikhun v. Bank of America, N.A.*, 705 Fed. App'x 215, 218 (5th Cir. 2017); *Vemex Trading Corp. v. Technology Ventures, Inc.*, 563 Fed. App'x 318, 327 (5th Cir. 2014); *United States v. Texas*, 601 F.3d 354, 362 (5th Cir. 2010).

The first issue raised by Apical is an evidentiary one. Apical complains that this Court should have permitted evidence regarding the cause of the failure of Rolls-Royce's engine to be admitted at trial, even though PHI's claim against Rolls-Royce had been severed, transferred to a district court in Indiana where it was settled shortly before trial. The claim was severed by a ruling from the Fifth Circuit, reversing a decision by this Court and adopted by the district court, on the basis of a forum selection clause in the PHI/Rolls Royce contract. Before trial, after this issue was raised and fully briefed by the parties, this court concluded as follow: "This Court is convinced that Apical's flotation system was designed to work only in the event that the helicopter to which it was attached and made a part of was forced to make an emergency landing in the water. Therefore, how or why the engine malfunctioned is immaterial to the issue of whether there was a redhibitory defect in Apical's float system and immaterial to whether OHS's alleged breach of contract led to the failure of the flotation system." (Rec. Doc. 256 at 6). Accordingly, this Court then considered whether evidence establishing the cause of the engine failure should be permitted at trial in light of Federal Rules of Evidence 401 and 403. This Court found that the evidence was not relevant and further found that, even if the evidence was relevant, its probative value was outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. This Court therefore excluded the

6

presentation of any evidence at trial concerning the cause of the engine failure. (Rec. Doc. 256 at 6-7).

This ruling was within the discretionary authority afforded a trial court.[8] Indeed, district courts are given "broad discretion" in rulings on the admissibility of evidence.[9] Apical has offered no basis on which this Court might potentially find its evidentiary ruling to be plainly wrong, indisputably wrong, or based on a complete disregard of the controlling law. To the contrary, this Court's evidentiary ruling applied the appropriate controlling law and articulated clear reasons for the ruling. Apical's disagreement with this Court's ruling does not mean that the ruling was manifestly erroneous or should be altered in any way. Certainly, Apical's disagreement with this Court's evidentiary ruling does not mandate a new trial on liability.

Furthermore, as explained above, this issue was previously raised, carefully considered by this Court, and resolved. There is nothing new in Apical's argument with regard to this issue. Apical has only made arguments with regard to this issue

---

[8] *Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 882 (5th Cir. 2013); *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5th Cir. 1981).

[9] *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 527 (5th Cir. 2015); *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 277 (5th Cir. 1991).

that could have been raised – and actually were raised – earlier in this litigation, and Apical's motion with regard to this issue is basically a request for rehearing.

For these reasons, the instant motion should be denied with regard to Apical's request for amendment of the factual findings or the judgment to permit evidence regarding the cause of the failure of Rolls-Royce's engine to be considered.

**D. SOLIDARY LIABILITY**

Apical next requests that this Court's earlier rulings be modified to include a finding that Rolls-Royce is solidarily liable with Apical for the loss of the helicopter, necessitating a reduction in the amount of damages awarded to PHI. Before trial, this Court carefully analyzed whether Rolls-Royce was solidarily liable with Apical or OHS and decided that it was not. (Rec. Doc. 256 at 12-14). Apical has not demonstrated how this conclusion was manifestly erroneous. To do so, Apical would have to show that the ruling was plainly wrong, indisputably wrong, or based on a complete disregard of the controlling law. Apical did not do so; instead, Apical repeated its claim that its damages should be reduced by fifty percent in order to prevent a double recovery by PHI for the same element of damages. But PHI has not, in this proceeding, been compensated twice for the same damages. To the contrary, the value of the Rolls-Royce engine that malfunctioned before the helicopter landed in the water was subtracted from the jury's award for the total

value of the helicopter for the express purpose of assuring that the amount recovered by the plaintiff fairly compensated for the fact that the engine was a total loss before the helicopter capsized into the salt water of the Gulf due to the failure of Apical's flotation system. Therefore, there is no basis for amendment of this Court's findings of fact or conclusions of law, and there is no basis for another trial on liability. Apical's arguments lack merit.

For these reasons, the instant motion should be denied with regard to Apical's request for amendment of the factual findings or the judgment to permit evidence regarding the solidary liability of Rolls-Royce to be considered.

### 3. POSTJUDGMENT INTEREST

Finally, Apical requests that the judgment be amended to clarify the rates at which postjudgment interest on the award is to be calculated. PHI has no objection to Apical's argument.

In a diversity case, such as this one, prejudgment interest is determined by state law, and postjudgment interest is determined by federal law.[10] Therefore, this

---

[10] *Tricon Energy Ltd. v. Vinmar Intern., Ltd.*, 718 F.3d 448, 456 (5th Cir. 2013); *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010); *Chapman & Cole v. Itel Container Intl.*, 865 F.2d 676, 689 (5th Cir. 1989).

Court finds that the judgment will be amended to clarify that all postjudgment interest is to be calculated at the federal interest rate.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that defendant Apical Industries, Inc.'s conditional motion to alter or amend findings and judgment (Rec. Doc. 309) is GRANTED IN PART and DENIED IN PART. More particularly, the motion is GRANTED to the extent that the judgment will be amended to state that all postjudgment interest is to be calculated at the federal interest rate, and the motion is DENIED in all other respects.

Signed at Lafayette, Louisiana on this 27th day of August 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE