UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 6:13-cv-00015 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| APICAL INDUSTRIES, INC., ET AL. | BY CONSENT OF THE PARTIES |

**ORDER**

Currently pending is the reurged motion for discharge of supersedeas bond and release of surety (Rec. Doc. 352), which was filed by defendant Apical Industries, Inc. The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

**Background**

This lawsuit arose from an incident that occurred on December 3, 2012 in which a helicopter owned by PHI had to make an emergency landing in the Gulf of Mexico due to engine trouble and was ultimately deemed a total loss after capsizing. Following a trial on the merits and the resolution of certain legal issues by this Court, judgment was entered in favor of the plaintiff, PHI, Inc. and against defendant Apical Industries, Inc. (Rec. Doc. 324). The judgment was appealed, and the Fifth Circuit Court of Appeals issued a ruling,[1] vacating the judgment in part and remanding the

---

[1] *PHI, Inc. v. Apical Industries, Inc.*, 946 F.3d 772 (5th Cir. 2020).

matter to this Court for further proceedings, including a jury trial on a particular issue. Before the issuance of the Fifth Circuit's ruling as mandate, Apical filed a motion for discharge of supersedeas bond and release of surety (Rec. Doc. 342), which was denied as premature (Rec. Doc. 344). Apical subsequently filed the instant reurged motion.

## **Law and Analysis**

Apical's motion is premised on the Fifth Circuit's opinion, which vacated this Court's judgment in part and remanded the action for further proceedings. The Fifth Circuit did not fully rule in favor of Apical and did not grant all of the relief that Apical sought on appeal. Instead, the Fifth Circuit confirmed that PHI had successfully proven Apical's liability, and consequently confirmed that PHI is entitled to the recovery of at least half of $1,729,770.00. The Fifth Circuit's ruling requires that a jury trial be held concerning whether something other than the #2 bearing in the helicopter's engine caused the engine to fail and, if so, then whether Rolls-Royce Corporation is solidary liable with Apical for the loss of PHI's helicopter. If Rolls-Royce is determined, on remand, to be solidarily liable with Apical, PHI's recovery will be reduced by half. But if Rolls-Royce is determined not to be solidarily liable with Apical, then PHI will remain entitled to recover the full $1,729,770.00. The Fifth Circuit made it clear that the issue to be decided on remand is

whether the judgment against Apical should be subject to a "reduction in the amount of damages it owes to PHI."[2]

Apical seeks, in the pending motion, to have the supersedeas bond fully discharged and its surety completely released. Apical argued that the bond is no longer required and explained that it is seeking "to avoid unnecessary costs and premiums associated with maintaining the appeal bond."[3] Apical presented no statutory or jurisprudential authority supporting its argument and urged this Court to "exercise its discretion to completely discharge the supersedeas bond and release the surety in this case."[4]

The Fifth Circuit has addressed this issue on at least two prior occasions.[5] Taken together, these cases stand for the proposition that when a damages award is completely reversed by the appellate court, the bond should be discharged and the surety released but when the appellate court remands for a recalculation of damages, the bond should remain in place and the surety should not be released. Jurisprudence from other circuits is consistent.[6] When the issue before the court following appeal is a potential reduction that

---

[2]   *PHI, Inc. v. Apical Industries, Inc.*, 946 F.3d at 779.

[3]   Rec. Doc. 351 at 2.

[4]   Rec. Doc. 351 at 2.

[5]   *Franklinville Realty Co. v. Arnold Const. Co.*, 132 F.2d 828 (5th Cir. 1943); *Neeley v. Bankers Trust Co. of Texas*, 848 F.2d 658 (5th Cir. 1988).

[6]   See, e.g., *Beatrice Foods Co. v. New England Printing and Lithographing Co.*, 930 F.2d 1572, 1576 (Fed. Cir. 1991) ("the regional circuits agree that the surety remains liable when the question on remand is not whether a party will receive damages, but merely how the damages will be calculated.").

the district court may apply, as in this case, a supersedeas bond to secure the judgment in case of the debtor's insolvency should remain in place.

The Fifth Circuit affirmed the jury's verdict to the extent that it found Apical liable to PHI but remanded for a determination of whether PHI's recovery from Apical should be reduced by half. Accordingly, the bond should remain in place and the surety should remain bound. For these reasons,

IT IS ORDERED that the pending motion (Rec. Doc. 351) is DENIED.

Signed at Lafayette, Louisiana on March 17, 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE