UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PHI, INC.                                            CIVIL ACTION NO. 6:13-cv-00015

VERSUS                                               MAGISTRATE JUDGE HANNA

APICAL INDUSTRIES, INC., ET AL.      BY CONSENT OF THE PARTIES

## MEMORANDUM RULING

Currently pending is the motion for summary judgment and/or motion for judgment on the pleadings that was filed by defendant Apical Industries, Inc. (Rec. Doc. 350). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

## Background

In December 2011, the engine in one of PHI's helicopters failed, causing the pilot to make an emergency landing in the Gulf of Mexico. The pilot successfully engaged the helicopter's float system and landed in the water. The pilot and passenger safely exited the helicopter in life rafts and were recovered without injury. After the helicopter remained afloat for some time, one of the floats deflated and the helicopter capsized. The helicopter's engine and electronic components were completely immersed in salt water, rendering the helicopter a total loss.

PHI filed suit in Louisiana state court against Rolls-Royce Corporation (the manufacturer of the engine), Apical Industries, Inc. (the manufacturer of the float system), and Offshore Helicopter Support Services, Inc. ("OHS") (the company that maintained and serviced the float system), seeking to recover for the loss of the helicopter.  The suit was removed to federal court.  PHI's claim against Rolls-Royce was then severed and transferred to the United States District Court for the Southern District of Indiana, and it was settled before trial.

In November 2017, PHI's claims against Apical and OHS were tried to a jury. Before trial, this Court excluded evidence regarding the cause of the engine failure and Rolls-Royce's liability.  Following trial, the jury found that the right-hand rear float manufactured and sold by Apical contained a redhibitory defect that caused the loss of the helicopter.  The jury also found that OHS was not liable.  The jury awarded $2,180,000 in damages.  Because Apical was not responsible for the loss of the engine, the sum of $450,230.00 was deducted from the jury's award to account for the value of the engine, leaving a net award of $1,729,770.

Apical appealed, and the Fifth Circuit Court of Appeals vacated the verdict in part and remanded the matter for trial.  Apical then filed the instant motion for summary judgment and/or judgment on the pleadings.  (Rec. Doc. 350).

## Law and Analysis

### A.    The Applicable Standards

Under Fed. R. Civ. P. 12(c), a party may move for judgment on the pleadings

after the pleadings are closed but early enough not to delay trial.  A motion for

judgment on the pleadings under Rule 12(c) is subject to the same standard as a

motion to dismiss under Rule 12(b)(6).[1]  The central issue is whether, in the light

most favorable to the plaintiff, the complaint states a valid claim for relief.[2]

Although the factual allegations in the pleadings must be accepted as true, a plaintiff

must plead "enough facts to state a claim to relief that is plausible on its face."[3]

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment

is appropriate when there is no genuine dispute as to any material fact, and the

moving party is entitled to judgment as a matter of law.  A fact is material if proof

of its existence or nonexistence might affect the outcome of the lawsuit under the

---

[1]     *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *Doe v. MySpace, Inc.*,
528 F.3d 413, 418 (5th Cir. 2008).

[2]     *Doe v. MySpace, Inc.*, 528 F.3d at 418; *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417,
420 (5th Cir. 2001).

[3]     *Doe v. MySpace, Inc.*, 528 F.3d at 418 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
570 (2007)).

applicable governing law.[4]  A genuine issue of material fact exists if a reasonable

jury could render a verdict for the nonmoving party.[5]

**B.     Do PHI's Factual Allegations Constitute Judicial Admissions?**

In support of its motion, Apical argued that certain factual allegations set forth

in PHI's amended complaint and reiterated in other pleadings filed in this lawsuit

and in the Indiana action constitute judicial or evidentiary admissions that "establish

all factual elements necessary for the Court to rule as a matter of law that the Rolls-

Royce engine was defective and that Rolls-Royce is solidarily liable with Apical for

the $1,729,770 in damages awarded to PHI for the loss of is Helicopter." (Rec. Doc.

350-1 at 5).  Apical directed the court's attention to the allegations set forth in

Paragraphs 7 and 11 through 19 of PHI's first amended complaint, which was filed

into the suit record in January 2013 (Rec. Doc. 15) and argued that those allegations,

when deemed to be judicial or evidentiary admissions, are sufficient to support the

conclusion that Rolls-Royce's engine was defective, caused the incident in which

PHI's helicopter was lost, and warrant a finding that Rolls-Royce was solidarily

liable with Apical for PHI's proven damages.

---

[4]     *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[5]     *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252); *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

"A judicial admission is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them.  Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention."[6]  Statements made by a party in pleadings or briefs may be treated as binding judicial admissions of fact.[7]  Factual allegations in a party's pleadings in one case may be admissible as evidentiary admissions of that party in another case.[8]  Whether to treat such statements as binding facts is within the court's discretion.[9]

To qualify as a judicial admission, the statement must be (1) made in a judicial proceeding; (2) contrary to a fact essential to the theory of recovery; (3) deliberate, clear, and unequivocal; (4) such that giving it conclusive effect meets with public policy; and (5) about a fact on which a judgment for the opposing party can be based.[10]  "A statement. . . may be considered a judicial admission if it was made intentionally as a waiver, releasing the opponent from proof of fact."[11]  A party may

---

[6]      *Martinez v. Bally's Louisiana, Inc*., 244 F.3d 474, 476 (5th Cir. 2001).

[7]      *City Nat. Bank v. U.S.*, 907 F.2d 536, 544 (5th Cir. 1990); *Davis v. A.G. Edwards and Sons, Inc*., 823 F.2d 105, 108 (5th Cir. 1987); *White v. ARCO/Polymers, Inc*., 720 F.2d 1391, 1396 (5th Cir. 1983).

[8]      *Hardy v. Johns-Manville Sales Corp*., 851 F.2d 742, 745 (5th Cir. 1988).

[9]      *City Nat. Bank v. U.S.*, 907 F.2d at 544; *McGee v. O & M Boat Co*., 412 F.2d 75, 76 (5th Cir. 1969).

[10]     *Heritage Bank v. Redcom Laboratories, Inc*., 250 F.3d 319, 329 (5th Cir. 2001).

[11]     *Martinez v. Bally's Louisiana, Inc*., 244 F.3d at 476.

not rebut a judicial admission made in its pleadings with new evidence or testimony.[12]

In this case, Apical seeks to have this Court deem it judicially admitted that the Rolls-Royce engine in the lost helicopter was defective and its defective condition was a cause of the incident in which the helicopter was lost.  But there is no indication that PHI intended, when these allegations were included in its pleadings, to release any party, including itself, from the burden of having to prove these alleged facts nor were these alleged facts contrary to PHI's theory of recovery.  PHI countered that "statements concerning the liability of the settling defendants are at best evidentiary admissions, which are not conclusive."[13]  Furthermore, an exception to the rule that a party's factual allegations constitute evidentiary admissions exists when inconsistent positions are taken in pleadings in a complicated joinder situation, involving the contingent liability of third parties.[14]  This case certainly presented a complicated joinder situation, which arguably warrants deviation from the general rule.  Furthermore, even if the cited factual allegations were deemed to be judicial admissions by PHI, PHI would be precluded

---

[12]     *Giddens v. Community Educ. Centers, Inc.*, 540 Fed. App'x 381, 391 n. 3 (5th Cir. 2013) (citing *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 107-08 (5th Cir. 1987)).

[13]     *Whatley v. Armstrong World Industries, Inc.*, 861 F.2d 837, 839 n. 2 (5th Cir. 1988).

[14]     *Hardy v. Johns-Manville Sales Corp.*, 851 F.2d 742, 746 n. 5 (5th Cir. 1988) (citing *Continental Insurance Company of New York v. Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971)).

from attempting to disprove those facts at trial but Apical's burden of proving that

Rolls-Royce's engine was defective and caused the helicopter to crash would not be

lessened.  Therefore, deeming PHI's factual allegations to be judicial admissions

would not be enough to satisfy Apical's burden under either Rule 12(c) or Fed. R.

Civ. P. 56.

Exercising its discretion, this Court therefore declines to find that the cited

allegations in PHI's amended complaint constitute judicial or evidentiary admissions

sufficient to support either judgment on the pleadings or summary judgment in

Apical's favor.

## C.    The Mandate Rule

This Court further finds that Apical's argument must yield to the mandate rule.

The mandate rule is a specific application of the general doctrine of law of the case.[15]

Under the mandate rule, a district court "must implement both the letter and the spirit

of the appellate court's mandate and may not disregard the explicit directives of that

court."[16]  As the Fifth Circuit has said, "[t]he mandate rule requires a district court

---

[15]      *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002).

[16]      *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (quoting *United States v. Matthews*, 312 F.3d at 657).

on remand to effect our mandate and to do nothing else."[17]  In implementing the mandate, the district court must "tak[e] into account the appellate court's opinion and the circumstances it embraces."[18]  "The mandate rule simply embodies the proposition that a district court is not free to deviate from the appellate court's mandate."[19]

The Fifth Circuit has recognized "several exceptions to the rule, including where the district court considers new evidence, where there is an intervening change in law, or where 'the earlier decision is clearly erroneous and would work a manifest injustice.'"[20]  Thus, "it is a discretionary rule that can be set aside in certain circumstances."[21]

---

[17]     *Deutsche Bank National Trust Co. v. Burke*, 902 F.3d 548, 551 (5th Cir. 2018) (citation omitted); *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (citation omitted).

[18]     *United States v. Lee*, 358 F.3d at 321 (quoting *Sobley v. Southern Natural Gas Co.*, 302 F.3d 325, 333 (5th Cir.2002) (citing *Tollett v. City of Kemah*, 285 F.3d 357, 364 (5th Cir. 2002) (internal citation omitted)).

[19]     *Boeta v. Federal Aviation Administration*, 736 Fed. App'x 453, 456 (5th Cir. 2018) (quoting *United States v. Becerra*, 155 F.3d 740, 753 (5th Cir. 1998), abrogated on other grounds as recognized in *United States v. Farias*, 481 F.3d 289, 291-92 (5th Cir. 2007)); *Tollett v. City of Kemah*, 285 F.3d 357, 364 (5th Cir. 2002) (citations omitted).

[20]     *Webb v. Davis*, 940 F.3d 892, 897 (5th Cir. 2019) (quoting *United States v. Pineiro*, 470 F.3d 200, 205-06 (5th Cir. 2006)).

[21]     *Webb v. Davis*, 940 F.3d at 897 (citing *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012)).

Apical did not argue that any of these exceptions to the mandate rule are applicable in this case. Apical did not present any new evidence, did not point out a change in the law, and did not argue that the Fifth Circuit's ruling was clearly erroneous or would be unjust if applied. However, neither Apical nor PHI directly addressed the mandate rule in their briefing.

Instead, Apical focused on the effect of certain factual allegations contained in PHI's first amended complaint and argued that those allegations, when deemed to be judicial or evidentiary admissions, are sufficient to support the conclusion that Rolls-Royce's engine was defective, caused the incident in which PHI's helicopter was lost, and warrant a finding that Rolls-Royce was solidarily liable with Apical for PHI's damages. But Apical's argument is contrary to the Fifth Circuit's express finding that there is a genuinely disputed material issue of fact that must be resolved by a jury. Therefore, adopting Apical's argument would require this Court to deliberately fail to comply with the mandate rule.

In this case, compliance with the mandate rule will require this Court to hold a jury trial. In its ruling issued as mandate, the Fifth Circuit Court of Appeals expressly found that "a dispute of fact exists as to whether damages for any non-waived defects are recoverable."[22] The Fifth Circuit further found that "this dispute

---

[22]     *PHI, Inc. v. Apical Industries, Inc.*, 946 F.3d 772, 776 (5th Cir. 2020).

of fact is material, and thus should have been put to the jury, because Rolls-Royce may be a solidary obligor under Louisiana law along with Apical.  Should a jury so find, Apical would be entitled to a reduction in the damages award against it."[23]  In other words, the Fifth Circuit concluded that there is a genuinely disputed issue of material fact concerning whether a defective condition of the Rolls-Royce engine caused the loss of the helicopter.  The Fifth Circuit further stated that it was "require[ing] a trial on whether Rolls-Royce is also responsible for the loss of the helicopter such that it is a solidary obligor, along with Apical, entitling Apical to a reduction in the amount of damages it owes to PHI."[24]  The Fifth Circuit also noted that a jury finding is required on the issue of solidary liability because it presents a mixed question of law and fact.[25]  Near the end of its ruling, the Fifth Circuit reiterated that it was "requiring a trial on this issue."[26]  Furthermore, the Fifth Circuit referenced PHI's amended complaint in its ruling.[27]  Therefore, it must be assumed that the Fifth Circuit was aware of the allegations set forth in the cited paragraphs of the amended complaint.  Still, however, the Fifth Circuit found that a material factual

---

[23]     *PHI, Inc. v. Apical Industries, Inc.*, 946 F.3d at 776.

[24]     *PHI, Inc. v. Apical Industries, Inc.*, 946 F.3d at 779.

[25]     *PHI, Inc. v. Apical Industries, Inc.*, 946 F.3d at 779.

[26]     *PHI, Inc. v. Apical Industries, Inc.*, 946 F.3d at 779.

[27]     *PHI, Inc. v. Apical Industries, Inc.*, 946 F.3d at 774 n. 1.

dispute exists that must be resolved by a jury.  Thus, the Fifth Circuit – without specifically mentioning the concept of judicial or evidentiary admissions – failed to find that the factual allegations set forth in PHI's amended complaint are sufficient to support summary judgment on the issue of Roll-Royce's liability for the loss of the helicopter.  Critically, the Fifth Circuit clearly stated that this issue must be decided by a jury.

In opposition to Apical's motion, PHI argued that the motion should be denied because it was untimely and because Apical failed to raise the solidary obligation issue as an affirmative defense.  This Court finds that both of those arguments are subsumed by the mandate rule.  The Fifth Circuit ordered that a new trial be held to resolve the issue of whether Rolls-Royce's engine caused the loss of the helicopter and, if so, whether Apical and Rolls-Royce are solidary obligors.  This Court cannot find that Apical waived the solidary obligation issue because that would result in a failure to comply with the appellate court's mandate that the issue be put to a jury. Similarly, this Court cannot grant summary judgment in Apical's favor because that would result in a failure to comply with the appellate court's mandate. Consequently, PHI's timeliness and waiver arguments are irrelevant.  This Court was ordered to hold a jury trial, and that is what it will do.

## Conclusion

In this case, compliance with the mandate rule requires that this Court hold a jury trial.  The Fifth Circuit Court of Appeals expressly found that certain genuine issues of material fact exist, vacated this Court's judgment in part, and remanded the action to this Court, requiring that a jury trial be held.  Accordingly,

IT IS ORDERED that Apical's motion for summary judgment or judgment on the pleadings (Rec. Doc. 350) is DENIED.

IT IS FURTHER ORDERED that a jury trial will be scheduled in due course.

Signed at Lafayette, Louisiana, this 7th day of May 2020.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE