UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PETROLEUM HELICOPTERS, INC. | CIVIL ACTION NO. 6:13-cv-00015 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| APICAL INDUSTRIES, INC., ET AL. | BY CONSENT OF THE PARTIES |

### MEMORANDUM RULING

Currently pending is plaintiff PHI, Inc.'s motion for additional attorneys' fees. (Rec. Doc. 379). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, PHI's motion is denied.

### Background

In December 2011, the engine in one of PHI, Inc.'s helicopters failed, and the helicopter was forced to make an emergency landing in the Gulf of Mexico. The helicopter's emergency flotation system deployed, the pilot and passenger safely exited the aircraft, and the helicopter floated for a while. Then, one of the float bags failed, and the helicopter overturned in the saltwater, resulting in its total loss. PHI sued Rolls-Royce Corporation, Apical Industries, Inc., and Offshore Helicopter Support Services, Inc. ("OHS"), alleging that Rolls-Royce manufactured the engine, that Apical manufactured the float system, and that OHS maintained and serviced the float system. The claim against Rolls-Royce was severed and transferred to

Indiana, where it was settled before trial. The claims against Apical and OHS were tried to a jury in this court. The jury found that OHS was not liable to PHI. The jury further found that the Apical float system contained a redhibitory defect that caused the loss of the helicopter and awarded PHI $2.18 million in damages. This Court deducted the value of the helicopter's engine from the jury award and reduced the amount of damages to $1,729,770. Because PHI was successful on its redhibition claim against Apical, this Court then awarded PHI $301,963.50 in attorneys' fees.

Apical appealed, and the Fifth Circuit partially vacated the trial court's judgment and remanded the matter for trial on the issue of solidary liability between Apical and Rolls-Royce. This Court analyzed which state's law should apply to the apportionment of loss as between Rolls-Royce and Apical, determined that Louisiana law does not apply, and found that Apical and Rolls-Royce are not solidarily liable, making another trial unnecessary. PHI then filed the instant motion for additional attorneys' fees.

## Law and Analysis

It is undisputed that a successful plaintiff in a Louisiana redhibition action may recover reasonable attorneys' fees.[1] The purpose of awarding attorneys' fees in redhibition cases is to restore the plaintiff, as much as possible, to the condition he

---

[1] Louisiana Civil Code Article 2545.

2

enjoyed prior to his purchase of a product containing a redhibitory defect.[2] Under Louisiana law, trial courts have great discretion in awarding attorneys' fees in redhibition cases.[3] "Generally, each case is considered in light of its own facts and circumstances; however, the amount awarded must be reasonable."[4] When a federal court presides over a case involving a redhibition claim brought under Louisiana law, it has similar has discretion.[5]

In this case, PHI was successful in its redhibition claim against Apical, and reasonable attorneys' fees were awarded.[6] Apical then appealed the trial jury's verdict. However, Apical did not argue on appeal that there was insufficient evidence to support the jury's verdict against it. Instead, Apical argued that its liability to PHI should be shared with Rolls-Royce, arguing that the trial court had erred in excluding evidence of the cause of the Rolls-Royce engine failure and in

---

[2]   *Hollybrook Cottonseed Processing, L.L.C., v. American Guarantee & Liability Ins. Co.*, 662 Fed. App'x 282, 285 (5th Cir. 2016); *Alexander v. Burroughs Corp.*, 359 So.2d 607, 610 (La. 1978); see also *Young v. Ford Motor Co.*, 595 So.2d 1123, 1127 (La. 1992) ("The purpose of the redhibition action in Louisiana. . . has been to restore the status quo.").

[3]   See, e.g., *Ryan v. Case New Holland, Inc.*, 51,062 (La. App. 2 Cir. 12/22/16), 211 So.3d 611, 627.

[4]   *Ryan v. Case New Holland, Inc.*, 211 So.3d at 627.

[5]   *Hollybrook Cottonseed Processing, L.L.C., v. American Guarantee & Liability Ins. Co.*, 662 Fed. App'x at 284) *Alston v. Fleetwood Motor Homes of Indiana Inc.*, 480 F.3d 695, 703 (5th Cir. 2007).

[6]   Rec. Doc. 302 (finding that PHI should be awarded $301,963.50 in attorneys' fees); Rec. Doc. 324 (this Court's second amended judgment).

refusing to submit the issue of Rolls-Royce's liability to the jury.[7] The Fifth Circuit did not vacate the jury's finding of liability as to Apical.[8] Indeed, the Fifth Circuit stated that it was unnecessary to vacate the jury's finding of liability as to Apical[9] and further stated that "Apical cannot show reversible error as to its own liability."[10]

PHI argued that additional attorneys' fees should be awarded because it was required to defend the trial court's favorable judgment after Apical appealed. But Apical's appeal did not focus on overturning the jury's finding that it was liable to PHI under Louisiana's redhibition law; instead, the appeal was directed at sharing Apical's liability with Rolls-Royce. Apical did not appeal the amount of the attorneys' fees awarded to PHI nor did PHI argue on appeal that it was entitled to recover an amount of attorneys' fees greater than that awarded by the trial court.

Under Louisiana law, an increase in attorneys' fees may be awarded on appeal when the defendant appeals, obtains no relief, and the appeal has necessitated more work on the part of the plaintiff's attorney, provided that the plaintiff requests such an increase.[11] In this case, Apical did appeal, necessitating additional work by PHI's

---

[7] *PHI, Inc. v. Apical Industries, Inc.*, 946 F.3d 772, 775 (5th Cir. 2020).

[8] *PHI, Inc. v. Apical Industries, Inc.*, 946 F.3d at 779.

[9] *PHI, Inc. v. Apical Industries, Inc.*, 946 F.3d at 779.

[10] *PHI, Inc. v. Apical Industries, Inc.*, 946 F.3d at 779, n. 13.

[11] *Baker v. Mazda Motor of America*, 2003-280 (La. App. 3 Cir. 10/01/03), 856 So.2d 118, 124, (citing *Sinegal v. Able Glass Co., Inc.*, 95–10 (La. App. 3 Cir. 10/11/95), 663 So.2d 393, 396).

counsel, but Apical obtained some relief on appeal and PHI did not request an increase in attorneys' fees during the appeal process.  Thus, only two of the four criteria for increasing an attorneys' fee award were satisfied.

This Court, exercising its discretion, now finds that PHI was entitled to recover attorneys' fees because it prevailed on its redhibition claim against Apical; that the trial court awarded reasonable attorneys' fees to PHI for the work performed before the appeal; that the appeal did not center on whether Apical's float system contained a redhibitory defect; and that PHI was not required to defend the trial court's redhibition findings on appeal.  Because the appeal did not place the trial court's redhibition findings in jeopardy or require PHI to defend the trial court's redhibition rulings, and because the Fifth Circuit was not called upon to decide whether Apical was properly found liable in redhibition, this Court finds that no additional attorneys' fees should be awarded.  Accordingly,

IT IS ORDERED that PHI's motion for an award of additional attorneys' fees (Rec. Doc. 379) is DENIED.

Signed at Lafayette, Louisiana, this 5th day of February 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE