UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| PHI, INC. | CIVIL ACTION NO. 6:13-cv-00015 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| APICAL INDUSTRIES, INC., ET AL. | BY CONSENT OF THE PARTIES |

### MEMORANDUM RULING

Currently pending is defendant Apical Industries, Inc.'s motion to alter or amend findings and judgment. (Rec. Doc. 388). The motion is opposed. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is GRANTED IN PART and DENIED IN PART.

### Background

This case has a simple and straightforward factual basis but a very long and circuitous procedural history, both of which were recounted in detail in this Court's post-mandate memorandum ruling. (Rec. Doc. 377). It is sufficient at this juncture to say that this matter was tried to a jury, appealed, and remanded for a trial on the issue of whether Apical and Rolls-Royce are solidary obligors. In the mandate, the Fifth Circuit also stated that this Court was empowered to make "any additional evidentiary or legal rulings the magistrate judge may deem necessary. . . ." (Rec. Doc. 345 at 14). The Fifth Circuit recognized in its ruling that because "the

magistrate judge has made no findings relevant to [the issue of which state's law applies] and the parties have not briefed nor submitted evidence pointing to the laws of any state other than Louisiana for PHI's substantive claims, we proceed on the *assumption* that Louisiana law applies to these claims." (Rec. Doc. 345 at 9, n.8 [emphasis added]).  Following remand, this Court endeavored to test that assumption, ordering the parties to file briefs addressing *inter alia* whether Louisiana law or Indiana law should be applied. (Rec. Doc. 359 at 2). The parties complied with the order and filed responsive briefs. (Rec. Docs. 361, 364). This Court then concluded

> (a) that Indiana law applies to the issue of whether Rolls-Royce is liable to PHI for any defect in the engine other than No. 2 bearing. . . ; and (b) Indiana law applies to the apportionment of loss as between Rolls-Royce and Apical. . . .

(Rec. Doc. 377 at 59). These conclusions abrogated the need for a trial on the issue of solidary liability (Rec. Doc. 377 at 59), and a judgment was entered (Rec. Doc. 387).

Apical then filed the instant motion to alter or amend findings and motion to alter or amend judgment. (Rec. Doc. 388). PHI responded (Rec. Doc. 394), and Apical filed a reply (Rec. Doc. 396). In support of its motion, Apical argued that it did not understand this Court's briefing order (Rec. Doc. 359) to require briefing on the issue of what state's law should be applied to all issues in this case following

2

remand from the Fifth Circuit.[1]  Apical further argued that it did not contemplate, when responding to the order, the possibility that this Court might "dismiss[] the entire proceeding on remand by applying Indiana law to determine the existence and validity of Apical's damages defenses."  (Rec. Doc. 396 at 5).  Apical complained that it consequently was not given proper notice or a fair opportunity to raise relevant arguments.  In light of Apical's suggestion that it might have said something different in response to the briefing order, this Court granted leave for Apical to file another brief in response to this Court's original briefing order.  (Rec. Doc. 397).  Apical did so (Rec. Doc. 399), and PHI responded (Rec. Doc. 402).  All of the briefing was considered as relating not only to the pending motion, but also to the merits of the issues decided in this Court's post-mandate memorandum ruling.  Oral argument was held on August 12, 2021.

## Law and Argument

**A.    The Applicable Standard for the Motion to Amend**

Apical seeks to amend this Court's findings under Fed. R. Civ. P. 52(b) and seeks to alter or amend this Court's judgment under Fed. R. Civ. P. 59(e).  Rule 52(b) states that a court may amend its findings, make additional findings, or amend

---

[1]    The order reads as follows:  "the parties shall. . . file memoranda addressing the following issues:. . . Should Louisiana law be applied in this case?  Should Indiana law be applied in this case?"  (Rec. Doc. 359 at 1-2).

its judgment upon a party's timely motion. The purpose of a Rule 52(b) motion is "to correct manifest errors of law or fact or, in some limited situations, to present newly discovered evidence."[2] "A party who has failed to prove his strongest case is not entitled to a second opportunity by moving to amend a particular finding of fact or conclusion of law.[3] Such a motion should not be used to relitigate old issues, advance new theories, or secure a rehearing on the merits.[4] To prevail on a Rule 52(b) motion, the moving party must show that the court's findings of fact or conclusions of law are not supported by evidence in the record.[5] In deciding such a motion, the trial court's findings are not to be set aside lightly.[6] In fact, whether to grant a Rule 52(b) motion is a matter of the trial court's discretion.[7] A district court

---

[2]   *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986).  See, also, *Interstate Fire & Cas. Co. v. Catholic Diocese of El Paso*, 622 Fed. App'x 418, 420 (5th Cir. 2015) (per curiam).

[3]   *Lopez v. Cronk*, No. Civ.A. 03-1860, 2004 WL 1336421, at *2 (E.D. La. June 15, 2004).

[4]   *Fontenot v. Mesa Petroleum Co.*, 791 F.2d at 1219.

[5]   See *Fontenot v. Mesa Petroleum Co.*, 791 F.2d at 1219.

[6]   *Interstate Fire & Cas. Co. v. Catholic Diocese of El Paso*, 622 Fed. App'x at 420 (quoting *Niagara Fire Ins. Co. v. Everett*, 292 F.2d 100, 103 (5th Cir. 1961)).

[7]   *Thamathitikhun v. Bank of America, N.A.*, 705 Fed. App'x 215, 218 (5th Cir. 2017); *Vemex Trading Corp. v. Technology Ventures, Inc.*, 563 Fed. App'x 318, 327 (5th Cir. 2014); *United States v. Texas*, 601 F.3d 354, 362 (5th Cir. 2010).

abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence.[8]

A Rule 59(e) motion questions the correctness of a judgment.[9] Such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[10] Manifest error is plain, indisputable, and amounts to a complete disregard of the controlling law.[11] A party seeking this relief must satisfy "at least one of" the following criteria: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary . . . to prevent manifest injustice; [or] (4) the motion is justified by an intervening change in the controlling law."[12] A Rule 59(e) motion cannot be used to raise arguments which could, and should, have been made before the judgment issued.[13]

---

[8] *Thamathitikhun v. Bank of America, N.A.*, 705 Fed. App'x at 218; *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).

[9] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004); *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).

[10] *Basinkeeper v. Bostick*, 663 Fed. App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

[11] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

[12] *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 305 F. Supp. 3d 711, 717 (E.D. La. 2018)).

[13] *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). See, also, *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008).

Indeed, "Rule 59(e) may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."[14] To the contrary, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[15]  Furthermore, the "Rule 59(e) standard favors the denial of motions to alter or amend a judgment."[16]  Finally, a district court has considerable discretion in deciding whether to reopen a case in response to a Rule 59(e) motion.[17]

At oral argument, Apical clarified its position.  It does not contend that this Court made erroneous factual findings.  Instead, Apical contends that this Court made legal errors.  However, Apical did not present any newly discovered or previously unavailable evidence, did not identify a relevant change in controlling law, and did not point out a conspicuous or glaring legal error.  Instead, Apical argued that this Court erred in reaching the conclusion that Indiana law applies to any issues remaining in this lawsuit and that it would be manifestly unjust to allow

---

[14]   *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2nd ed. 1995)).

[15]   *Templet v. HydroChem Inc.*, 367 F.3d at 479.

[16]   *Willbern v. Bayview Loan Servicing, L.L.C.*, 842 Fed. App'x 865,  869 (5th Cir. 2021) (per curiam) (citing *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)).

[17]   *Defense Distributed v. United States Department of State*, 947 F.3d 870, 873 (5th Cir. 2020) (citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993); *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat. Ins. Co.*, 542 F.3d at 1058.

this Court's judgment to stand. But Rule 59(e) motions are not intended to give unhappy litigants an additional chance to sway the judge.[18] A litigant bringing such a motion based on the need to correct a clear error of law or manifest injustice should "evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant."[19]

In this case, Apical failed to establish that this Court's judgment was manifestly erroneous or manifestly unjust. Apical also failed to establish that extraordinary circumstances require this Court's judgment to be changed.

**B.     Consideration of Waiver in this Court's Post-Mandate Memorandum Ruling**

Apical argued that, following remand, this Court should not have considered which state's law applies, reasoning that the issue was waived because it was not raised by a party on appeal. Under the waiver doctrine, a court cannot revisit on remand an issue that could have been – but was not – raised on appeal.[20] In this case, however, the Fifth Circuit's remand ruling was specifically premised on the assumption that Louisiana law applied. Absent that assumption, the appellate

---

[18]   *Atkins v. Marathon Le Tourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990) (citations omitted).

[19]   *Atkins v. Marathon Le Tourneau Co.*, 130 F.R.D. at 626.

[20]   *Lindquist v. City of Pasadena, Texas*, 669 F.3d 225, 239 (5th Cir. 2012) (citing *Med. Ctr. Pharm. v. Holder*, 634 F.3d 830, 834 (5th Cir. 2011)).

court's ruling on solidary liability could not have been reached. But more important, absent an express finding that Louisiana law applies, there is no basis for the trial on the issue of solidary liability envisioned by the Fifth Circuit. Accordingly, the Fifth Circuit's assumption was critical to the issues to be determined following remand and the issue of which state's law applies to the apportionment of loss between Apical and Rolls-Royce cannot be ignored based on this record and this Court's previous rulings.[21]

The extent to which Indiana law was to be applied in this case – and the particular context in which Indiana law was to be applied – have been critical issues since the commencement of the lawsuit. Rolls-Royce's warranty document contained an Indiana choice of law provision, and that provision was the basis for the Fifth Circuit's decision to transfer PHI's claim against Rolls-Royce to Indiana. It should come as no surprise, at this late stage of the litigation, that the applicability of Indiana law to issues presented in the lawsuit was a critical factor underlying many of this Court's decisions, even though it was more like a soft, persistent bass line rather than a soaring vocal melody. For example, it is important to remember that this Court considered the Indiana court's finding that the Apical float system

---

[21]  Rec. Doc. 256 at 16 (no evidence of comparative fault or tort-based affirmative defenses was permitted at trial and damages experts were required to testify as to the value of the helicopter minus the value of its engine).

failure and the subsequent inversion of the helicopter did not cause the loss of the engine, incorporating into its post-trial but pre-mandate rulings an apportionment of loss consistent with the application of Indiana law later recognized in this Court's post-mandate memorandum ruling.

In addition, a distinction must be made as to what was, and was not, decided by this Court before trial. Motions were heard concerning the applicability of tort-based defenses and comparative fault. Such defenses would not be available under either Louisiana[22] or Indiana law applicable to the facts of this case. Thus, there was no choice of law analysis to be made on that issue. Based on quasi-contractual theories of recovery, under either state's law, tort-based defenses were inapplicable.

What was decided was a matter of causation in two respects that are consistent with the Indiana court's ruling and what the jury decided. The Indiana court ruled (and this Court as well as the Fifth Circuit agreed) that the failure of the float system did not cause the loss of the engine, and Apical received credit for that by reducing the verdict by the value of the engine. The jury was instructed on causation[23] and

---

[22] See Rec. Doc. 256 at 10 ("this Court. . . finds that comparative fault principles should not be applied in this case because the only two surviving claims are contract-based claims for redhibition and breach of contract") and Rec. Doc. 256 at 11 ("[n]o evidence will be permitted at trial with regard to the comparative fault of the parties (or non-parties) utilizing any tort-based theories of recovery or any tort-based affirmative defenses.").

[23] Rec. Doc. 336 at 59-61.

specifically asked whether the float system caused the loss of the helicopter.[24] No decision adverse to PHI was rendered on the applicability or not of Louisiana law to the allocation of damages as between Apical and Rolls-Royce. Therefore, there was nothing for PHI to appeal that would be subject to the waiver doctrine. Subsequently, this Court made a relevancy determination that the cause of the engine failure was not relevant under Rule 403 of the Federal Rules of Evidence.

Thus, this Court cannot conclude that the issue of which state's law applied was waived. Instead, the parties and the courts operated under the assumption that Louisiana law applied in the proceedings conducted in Louisiana while cognizant that Indiana law was being applied to the related proceedings conducted in Indiana, which played a significant role in the overall litigation. To the extent that Apical is now seeking a reduction in the amount it owes to PHI based on Rolls-Royce's liability to PHI, Apical can succeed only if a predicate determination is made that Louisiana law applies. An assumption is not sufficient. It is necessary that an express determination must be made.

Furthermore, an express determination that Louisiana law applies to the remaining issues would mean that, to the extent that Apical is stepping into PHI's

---

[24]   Rec. Doc. 277.

shoes through the operation of subrogation, which is the basis for contribution,[25] resulting in solidary liability, this Court would be disregarding the Fifth Circuit's ruling that Indiana law must be applied to PHI's claim against Rolls-Royce.  This Court's post-mandate memorandum ruling acknowledged the Fifth Circuit's directive that Indiana law had to be applied with regard to the claim against Rolls-Royce.  To the extent that Apical is subrogated for PHI in its claim against Rolls-Royce, it too must be subject to Indiana law.

For these reasons, this Court is not persuaded by Apical's argument and does not find that the waiver doctrine precludes this Court from analyzing which state's law applies post-mandate.

**B.      Judicial Estoppel**

Apical's judicial estoppel argument is not new and was previously found by this Court to lack merit.  (Rec. Doc. 377 at 21-22).

**C.      Law of the Case**

Apical argued that Louisiana law should be applied to all issues in this case under the law-of-the-case doctrine, which requires a court's decision on a rule of law to continue to govern the same issue in subsequent stages of the same case.  (Rec.

---

[25]      *Farbe v. Casualty Reciprocal Exchange*, 2000-0076 (La. 07/06/2000), 765 So.2d 994, 996; *Perkins v. Scaffolding Rental and Erection Service, Inc.*, 568 So.2d 549, 551 (La. 1990); *Lebleu v. Southern Silica of Louisiana*, 554 So.2d 852, 857 (La. App. 3rd Cir. 1989), writs denied, 559 So.2d 489, 559 So. 3d 490, 559 So.2d 491 (La. 1990).

Doc. 399 at 10). "The law-of-the-case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case."[26] Apical argued that "the law of the case doctrine . . . arises as a result of an appellate court's ruling on a specific issue." (Rec. Doc. 388-1 at 16). The primary problem with this argument is that this Court never decided the issue of what state's law should be applied before rendering its post-mandate memorandum ruling. The Fifth Circuit did not make such a ruling either; it merely assumed that Louisiana law applied to all issues but made no ruling in that regard. Therefore, there was no pre-remand ruling that Louisiana law applied to all issues in this case. Consequently, the law-of-the case doctrine does not require this Court to apply Louisiana law to all issues presented in this litigation.

**D.    Equitable Estoppel**

Apical argued that the equitable estoppel doctrine precludes consideration of whether Indiana law applies. Under Louisiana law, equitable estoppel derives from Civil Code Article 1967 and is also known as detrimental reliance.[27] To establish the applicability of this doctrine, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2)

---

[26]    *Lindquist v. City of Pasadena Texas*, 669 F.3d 225, 238 (5th Cir. 2012) (internal quotation marks and citation omitted)

[27]    *Barnett v. Saizon*, 2008-0336 (La. App. 1 Cir. 09/23/09), 994 So.2d 668, 674.

justifiable reliance on that representation; and (3) a change in position to one's detriment because of the reliance.[28] Apical suggests that because PHI asserted a uniquely Louisiana cause of action – the redhibition claim – Apical relied upon PHI's failure to assert another state's law as a reason for not doing so itself. But this overlooks the fact that Indiana law was implicated very early on in this litigation due to the presence of the choice of law provision in the warranty document. Furthermore, Apical did not present any evidence to show that it changed its position because PHI asserted a Louisiana cause of action nor did it establish that any such change of position was detrimental to it. This argument lacks merit.

### C. Conflict-of-Laws Analysis

Apical argued that a conflict-of-laws analysis would result in the application of Louisiana law to all issues in this case. This is not a new argument. In response to this Court's briefing order (Rec. Doc. 359), Apical addressed Louisiana's statutes on conflicts of law and argued that Louisiana law should be applied to all issues on remand. In its post-mandate memorandum ruling (Rec. Doc. 377 at 27-59), this Court undertook a detailed conflict-of-laws analysis, which underlies its conclusion that Indiana law applies to the issue of whether Rolls-Royce is liable to PHI for any defect in the engine other than the No. 2 bearing and to the apportionment of loss as

---

[28] *Suire v. Lafayette City-Parish Consol. Government*, 2004-1459 (La. 04/12/05), 907 So.2d 37, 59, 31.

between Rolls-Royce and Apical, precluding the applicability of solidary liability under the facts of this case.  In its briefing, Apical argued that this Court erred in reaching the conclusion it did following its conflict-of-laws analysis but did not persuade this Court that its conclusion is incorrect.  Moreover, this Court did not disregard controlling law in reaching its conclusion.  Accordingly, Apical did not show that this Court's conclusion was manifestly erroneous.

D. **Apical and Rolls-Royce Cannot be Solidarily Liable.**

Finally, as explained in this Court's post-mandate memorandum ruling, even if Louisiana law were applied to the remaining issues, there is no basis for finding Apical and Rolls-Royce solidarily liable.  (Rec. Doc. 377 at 47-59).  The manufacturer and seller of the same product with a redhibitory defect are solidarily liable, but that is not the factual scenario presented here.  This Court is not aware of any jurisprudence holding that the manufacturers or sellers of two separate products containing different redhibitory defects can be solidary obligors.

E. **Alteration of the Judgment Regarding Interest.**

Apical also moved for alteration of this Court's judgment (Rec. Doc. 387) to clarify the dates to be covered by prejudgment and postjudgment interest.  This Court agrees that the judgment could have been clearer in this regard.[29]  Accordingly, the

---

[29]    See *Krieser v. Hobbs*, 166 F.3d 736, 745-747 (5th Cir. 1999).

judgment will be amended to state that prejudgment interest will be calculated from the date of judicial demand until April 24, 2018 and that postjudgment interest will be calculated from April 25, 2018 until paid.

## Conclusion

For the foregoing reasons,

IT IS ORDERED that defendant Apical Industries, Inc.'s motion to alter or amend findings and judgment (Rec. Doc. 388) is GRANTED IN PART and DENIED IN PART, and the conclusions reached in this Court's post-mandate memorandum ruling (Rec. Doc. 377) are affirmed and reiterated as though copied herein. More particularly,

IT IS ORDERED that this Court's judgment (Rec. Doc. 387) will be amended to state that prejudgment interest will be calculated from the date of judicial demand until April 24, 2018 and that postjudgment interest will be calculated from April 25, 2018 until paid; in all other respects, the terms and provisions of the judgment will remain the same.

Signed at Lafayette, Louisiana, this 23rd day of August 2021.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE